United States District Court
Southern District of Texas
**ENTERED**
February 13, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HERMAN EDWARD HOFFMAN JR, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:19-CV-426 |
| | § | |
| RONALD LEACH, | § | |
| | § | |
| Respondent. | § | |

## ORDER OF DISMISSAL

Herman Edward Hoffman, Jr. Was convicted of cruelty to livestock animals in Texas state court. He filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction.

Hoffman's petition acknowledges that his appeal of his conviction is currently pending in the Texas Court of Criminal Appeals, and that he has therefore not yet exhausted his available state remedies. The federal habeas corpus statute provides that

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(I) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

Hoffman argues that exhaustion should be excused because his pursuit of a remedy in the Texas Court of Criminal Appeals is futile. Hoffman contends that his conviction violates the double jeopardy clause because monetary penalties and forfeiture of the animals he was convicted of mistreating constitute a prior conviction for the same conduct, even though those penalties were imposed under a civil statute. He bases his futility argument on his own review of

state law and his conclusion, based on that review, that the Texas court will treat the monetary penalties and forfeiture of animals as civil in nature and will therefore deny his double jeopardy claim on the merits.

Courts that have addressed similar arguments have found that a likelihood that a petitioner would lose his state court litigation on the merits is not sufficient to excuse the exhaustion requirement. *See*, *e.g.*, *Parker v. Kelchner*, 429 F.3d 58, 63 (3d Cir. 2005); *Jones v. Keane*, 329 F.3d 290, 295 (2d Cir. 2003); *Minter v. Beck*, 230 F.3d 663, 666 (4th Cir. 2000). The Supreme Court has held in an analogous context that "futility cannot constitute cause [for a procedural default] if it means simply that a claim was unacceptable to that particular court at that particular time." *Bousley v. United States*, 523 U.S. 614, 623 (1998)(internal citation and quotation marks omitted).

The Fifth Circuit has observed that "exceptions to the exhaustion requirement apply only in extraordinary circumstances . . . ." *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994)(internal citation and quotation marks omitted). Because Hoffman fails to identify any extraordinary circumstances that would excuse the exhaustion requirement, his petition must be dismissed without prejudice for failure to exhaust his available state remedies.

It is so ORDERED.

SIGNED on this 13th day of February, 2019.

_____
Kenneth M. Hoyt
United States District Judge